1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JUSTIN DOBROWSKI, et al.,

11          Plaintiffs,                    No. 2:11-cv-01390 JAM KJN

12      v.

13   SACRAMENTO COUNTY, et al.,

14          Defendants.                    <u>ORDER</u>
                                 /

15   _____

16          Presently before the court is defendants' motion to compel (Dkt. No. 47) plaintiffs

17   to provide initial disclosures, to completely respond to form interrogatories and requests for

18   production of documents ("RFPs") without objections, and to pay defense counsel's fees

19   associated with filing the motion to compel.[1]

20          This matter came on for hearing on February 7, 2013.  Attorney Ellen C. Dove

21   appeared on behalf of plaintiffs.  Attorney Kelley S. Kern appeared on behalf of defendants.  The

22   undersigned has fully considered the parties' briefs, oral arguments, and appropriate portions of

23   the record.  For the reasons that follow, the undersigned grants defendants' motion in full.

24   ////

25

26          [1]  This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

I.     <u>BACKGROUND</u>

The relevant events precipitating this discovery dispute occurred as follows.  On May 22, 2011, plaintiffs filed their original pleading.  (Dkt. No. 1.)  On March 6, 2012, plaintiffs filed their Second Amended Complaint.  (Dkt. No. 34.)  On April 4, 2012, plaintiffs filed their Third Amended Complaint.  (Dkt. No. 37.)

On August 23, 2012, defendants served their initial disclosures.  (Declaration of Kelley Kern ("Kern Decl."), Dkt. No. 47-2 ¶ 3.)  On October 12, 2012, defendants propounded Interrogatories and Requests for Production, with responses due November 16, 2012.  (Kern Decl. ¶ 5; Exhs. A-B to Kern Decl.)  Plaintiffs did not provide responses by that deadline.

On November 19, 2012, defendants' counsel emailed plaintiffs' counsel to discuss the lack of responses.  After a telephone call from plaintiffs' counsel, defendants' counsel gave plaintiffs' counsel an extension to December 7, 2012.  (<u>Id.</u> ¶ 6.)  Plaintiffs failed to provide responses by the extended deadline.  (<u>Id.</u> ¶ 7.)

On December 12, 2012, defendants' counsel emailed plaintiffs' counsel to state that defendants would file a motion to compel if responses and disclosures were not received by December 20, 2012.  (<u>Id.</u> ¶ 8.)  On December 13, 2012, plaintiffs' counsel responded that she had begun receiving responses from her clients and would forward them to defendants as soon as they were completed.  (<u>Id.</u>)  However, defendants received no responses.

On January 3, 2013, defendants' counsel wrote to plaintiffs' counsel inquiring about the status of the responses.  (<u>Id.</u> ¶ 10.)  Plaintiffs' counsel did not respond.  (<u>Id.</u> ¶ 11.)

On January 24, 2013, defendants filed the pending motion to compel.  Plaintiffs have not served initial disclosures or discovery responses as of that filing date.  (<u>Id.</u> ¶ 12.)

Prior to the hearing on February 7, 2013, plaintiffs did not file any opposition or other response to defendants' pending motion.  During the hearing on the matter, plaintiffs' counsel confirmed that she did not attempt to file any response to defendants' motion.

////

II.    <u>DISCUSSION</u>

Defendants request an order compelling plaintiffs to: (1) supply initial disclosures; (2) respond to the interrogatories and RFPs, without objections, and (3) pay $1,188 in costs/fees associated with defendants having to file the motion to compel.  (Motion to Compel, Dkt. No. 47-1 at 3-4.)

Plaintiffs have completely failed to respond to discovery requests that were propounded almost four months ago.  Plaintiffs' counsel failed to provide initial disclosures despite having filed plaintiffs' original pleading on May 22, 2011.  Plaintiffs' counsel has filed absolutely nothing with the court since defendants filed their motion to compel on January 24, 2013.

During the hearing, plaintiffs' counsel stated that her heavy workload has prevented her from timely responding to defendants' discovery requests and providing initial disclosures.  She represented that she receives calls from potential plaintiffs every week and has numerous pro bono and contingency fee cases pending in both state and federal court, making it very difficult to keep up with her caseload.  Plaintiffs' counsel also stated that she served defendants with a packet of "some" documents and partial discovery responses on February 6, 2013, the day before the hearing on this matter.

As the undersigned stated during the hearing, plaintiffs' counsel's representations do not excuse her failures to timely comply with the rules of litigation procedure and this court's local rules.  The undisputed timeline of events leading up to defendants filing their motion confirms that plaintiffs' counsel has had numerous opportunities to provide the discovery in question and that defendants' counsel has been reasonable in granting extensions and attempting to resolve this dispute.  Plaintiffs' counsel's repeated failures to provide the discovery responses, including failures to provide initial disclosures that should have been provided at the outset of this suit in 2011, weighs strongly in favor of granting defendants' motion.  Further, plaintiffs' counsel failed to comply with Eastern District Local Rule 251(e), which required her to file a

1  written response to defendants' motion.[2]  Plaintiffs' counsel offered no good excuse for her

2  failure to file a response to defendants' motion.  Accordingly, for all these reasons, defendants'

3  motion is granted in full.

4        Defendants have requested sanctions in the form of attorneys' fees associated with

5  bringing their motion, and given the foregoing, such sanctions are appropriate here.  (Kern Decl.

6  ¶ 13.)  Accordingly, plaintiffs' counsel shall pay defendants' counsel's fees and costs in the sum

7  of $1,188.00.  See Fed. R. Civ. P. 37(a)(5)(A) (absent circumstances not applicable here, "the

8  court must, after giving an opportunity to be heard, require . . . the party or attorney advising that

9  conduct . . . to pay the movant's reasonable expenses incurred in making the motion, including

10  attorney's fees."); Fed. R. Civ. P. 37(d).[3]

11        This order requires plaintiffs to provide discovery.  Fed. R. Civ. P. 37(b)(2)(A).

12  Accordingly, any failure(s) by plaintiffs and/or plaintiffs' counsel to obey this order in any

13  respect may result in the undersigned ordering any of the following sanctions against plaintiffs

14  and/or Ms. Dove or other sanctions that may be "just":

15

16        [2]  Eastern District Local Rule 251(e) provides,

17        **(e) Exceptions from Required Joint Statement re Discovery
       Disagreement**.  The foregoing requirement for a Joint Statement

18     re Discovery Disagreement shall not apply to the following
       situations: (1) *when there has been a complete and total failure to*

19     *respond to a discovery request* or order, or (2) when the only relief
       sought by the motion is the imposition of sanctions.  In either

20     instance, the aggrieved party may bring a motion for relief for
       hearing on fourteen (14) days notice. *The responding party shall*

21     *file a response thereto not later than seven (7) days before the*
       *hearing date.*  The moving party may file and serve a reply thereto

22     not less than two (2) court days before the hearing date.

23  E. D. Local Rule 251(e) (emphasis added).

24        [3]  Such sanctions are also appropriate pursuant to Eastern District Local Rule 110, given
    plaintiffs' counsel's failure to comply with Local Rule 251(e).  See E.D. Local Rule 110 ("Failure

25  of counsel or of a party to comply with these Rules or with any order of the Court may be grounds
    for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

26  inherent power of the Court.")

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2) ("Failure to Comply with a Court Order [to provide discovery]").

Similarly, pursuant to Federal Rule of Civil Procedure 41(b) and this court's local rules, any failure(s) by plaintiffs or plaintiffs' counsel to obey this order in any respect shall be grounds for the imposition of additional sanctions against plaintiffs and/or Ms. Dove, including monetary sanctions, evidentiary sanctions, and/or dismissal of plaintiffs' case.  See E.D. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

////

////

5

IV.     <u>CONCLUSION</u>

Accordingly, for all the foregoing reasons and for those stated on the record during the hearing, IT IS HEREBY ORDERED that:

1.      Within fourteen (14) days of issuance of this order, plaintiffs shall serve complete initial disclosures upon defendants.

2.      Within fourteen (14) days of issuance of this order, plaintiffs shall serve full and complete responses to the discovery requests described in defendants' motion to compel. (<u>E.g.</u>, Exhs. A-B to Kern Decl.)  Such responses shall be <u>complete and without objections</u>.  To the extent plaintiffs identify documents responsive to defendants' RFPs, plaintiffs shall also <u>produce</u> those responsive documents and serve defendants with copies of them.  The complete discovery responses shall also be <u>verified</u> by plaintiffs.  In sum, within fourteen (14) days of issuance with this order, plaintiffs shall serve defendants with complete discovery responses, without objections, with verifications from each plaintiff, and shall produce copies of any documents identified in response to defendants' RFPs.

3.      Within fourteen (14) days of issuance of this order, plaintiffs shall also <u>supplement</u> the packet of "some" discovery responses and documents that plaintiffs' counsel provided to defendants' counsel on the day before the hearing in this matter.  To the extent such packet included objections to defendants' discovery requests, those objections have now been waived, and plaintiffs' supplemental responses should be complete and shall not include any objections.

4.      Within ninety (90) days of issuance of this order, plaintiffs' counsel, Ms. Dove, shall serve defendants' law firm with a check for $1,188.00 and made payable to the law firm of Longyear, Odea & Lavra, LLP, 3620 American River Drive Suite 230, Sacramento, CA 95864.  The memo line of the check shall read: "Dobrowski et. al. v. Sacramento County, et al. (2:11-cv-01390-JAM-KJN)" and shall reference this order by its electronic docket number.  *This award is to be paid only by plaintiffs' attorney, Ellen C. Dove, and shall come from Ms. Dove's*

*funds as a sanction for failing to comply with the rules of litigation procedure.  The award shall not be paid by plaintiffs themselves and Ms. Dove shall not bill plaintiffs for any portion of the $1,188.00.*  Defendants' counsel may notify the court if this check is not timely received.

      5.    Any failure(s) by <u>plaintiffs or plaintiffs' counsel</u> to timely obey this order in any respect shall be grounds for the imposition of additional sanctions against plaintiffs and/or Ms. Dove, including monetary sanctions, evidentiary sanctions, and/or dismissal of plaintiffs' case pursuant to Federal Rule of Civil Procedure 41(b).  Failure(s) to timely comply with this order may also result in the undersigned ordering any of the sanctions listed in Federal Rule of Civil Procedure 37(b)(2), or other sanctions that may be "just."

      **IT IS SO ORDERED.**

DATED:  February 7, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE