1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   JUSTIN DOBROWSKI, ROGER                    No.  2:11-CV-01390-TLN
     McGOWAN, JOSE SMITH, JOSEPH
12   SULLIVAN, PETER TRUDEAU, GREG
     WALLACE, and WILLIAM ZANDER,
13                                              **ORDER DENYING DEFENDANTS'
               Plaintiffs,                      MOTION TO SEVER**
14
          v.
15
     SACRAMENTO COUNTY SHERIFF'S
16   DEPARTMENT, DOG HANDLERS AND
     THEIR PARTNERS, DEPUTY K.
17   HOERTSCH, DEPUTY HAMPTON,
     DEPUTY GREGORY,
18
               Defendants.
19

20

21          This matter is before the Court on Defendants County of Sacramento, Deputies

22   Kyle Hoertsch, Shaun Hampton, and Shane Gregory's ("Defendants") Motion to Sever (ECF No.

23   57).  Plaintiffs Justin Dobrowski, Roger Mcgowan, Jose Smith, Joseph Sullivan, Peter Trudeau,

24   Greg Wallace, and William Zander ("Plaintiffs") oppose Defendants' motion.  (Pls.' Opp'n, ECF

25   No. 54.)  The Court has carefully considered the arguments presented by the parties.  For the

26   foregoing reasons, the Court DENIES Defendants' Motion to Sever (ECF No. 57).[1]

27   _____

     [1]    This motion was decided without oral argument, pursuant to Eastern District of California
28   Local Rule 230(g).  (*See* Minute Order, ECF No. 56.)

                                                 1

1    Plaintiffs, who are all members of an ethnic minority group, filed a complaint

2    pursuant to 42 U.S.C. § 1983 alleging that they were "viciously and gratuitously bitten by K-9

3    officers on instruction from their handlers after Plaintiffs were in the custody and control of law

4    enforcement officers."  (First Am. Compl., ECF No. 6 at ¶ 15.)  Plaintiffs further allege that the

5    handlers and law enforcement personnel were following "a custom and practice of applying

6    punishment to perceived offenders," and that this practice was the result of a police department

7    policy.  (ECF No. 6 at ¶ 15.)

8    Defendants allege that Plaintiffs are improperly joined.  Specifically, Defendants

9    argue that Plaintiffs' respective cases should be severed because there is no commonality of facts

10   or law.  They further contend that the circumstances surrounding the seven Plaintiffs are all

11   different and thus must be considered separately to determine the reasonableness of the officer's

12   actions.  (Defs.' Reply Mem. of P. & A. Supp. Mot. To Sever, ECF No. 55 at 3.)  Defendants cite

13   *Coughlin v. Rogers*, 130 F.3d 1348, 1350−51 (9th Cir. 1997), in support of their contention.

14   Plaintiffs contend that the occurrences involving the Plaintiffs are "more factually alike than

15   different and not unique to the individual defendants or the entity of defendant."  (ECF No. 54 at

16   1.)  The Court agrees with Plaintiffs and finds that Defendants' reliance on *Coughlin* is

17   misplaced.

18   Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs

19   in one action if: (1) the right to relief asserted by each plaintiff arises out of or relates to the same

20   transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or

21   fact common to all parties arises in the action.  *See* Fed. R. Civ. P. 20(a); *Coughlin*, 130 F.3d at

22   1351.  "If joined plaintiffs fail to meet both of these requirements, the district court may sever the

23   misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance."

24   *Coughlin*, 130 F.3d at 1351.

25   "The first prong, the 'same transaction' requirement, refers to similarity in the

26   factual background of a claim."  *Id.* at 1350.  The instant case is about many K-9 bites taking

27   place in the same manner by three dogs.  As alleged, the instances all have the same general fact

28   pattern:  (1) the deputies decided to arrest a suspect; (2) plaintiff was either accessible or had

2

1  surrendered after being cornered by deputies; and (3) all of the dog bites occurred after the

2  individual plaintiff was apprehended and substantially or fully in the control of the officers.  (*See*

3  ECF No. 6; ECF No. 54 at 2.)  Based on the foregoing, the Court finds that Plaintiffs' meet the

4  first prong in that Plaintiffs' claims arise out of a systematic pattern of events and, therefore, arise

5  from the same transaction or occurrence.

6  In addition, the Court finds that Plaintiffs meet the second prong because a

7  question of law common to all the Plaintiffs arises in the action.  In *Coughlin*, the plaintiffs filed a

8  petition of mandamus complaining of substantial delays in processing their immigration

9  applications and requesting that the court order the Immigration and Naturalization Service to

10  adjudicate forty-nine pending applications.  *Coughlin*, 130 F.3d at 1349−50.  The plaintiffs'

11  petitions fell into six distinct categories and thus required different legal standards.  *Id.* at

12  1349−51.  Moreover, plaintiffs did not allege that the delay was due to any policy or practice.  In

13  affirming the district court's finding that the plaintiffs' claims did not involve common issues of

14  fact or law, the Ninth Circuit noted that the claims involved different legal standards, and

15  plaintiffs had failed to allege that defendants engaged in a policy.  *Id.* at 1351.  In contrast, this

16  case involves Plaintiffs who have all alleged that their constitutional rights were violated and that

17  those violations were the result of a police department policy.  Thus, Plaintiffs satisfy the second

18  prong because there are common questions of law arising from Plaintiffs' claims.

19  In conclusion, the Court finds that Plaintiffs' joinder is proper and thus DENIES

20  Defendants' Motion to Sever (ECF No. 57).

21  **IT IS SO ORDERED.**

22  Dated:  August 15, 2013

23

24  _____

25  Troy L. Nunley
United States District Judge

26

27

28

3