UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN DOBROWSKI, ROGER McGOWAN, JOSE SMITH, JOSEPH SULLIVAN, PETER TRUDEAU, GREG WALLACE, and WILLIAM ZANDER, <br><br> Plaintiffs, <br><br> v. <br><br> SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOG HANDLERS AND THEIR PARTNERS, DEPUTY K. HOERTSCH, DEPUTY HAMPTON, DEPUTY GREGORY, <br><br> Defendants. | No. 2:11-CV-01390-TLN <br><br> **ORDER DENYING DEFENDANTS' MOTION TO SEVER** |

This matter is before the Court on Defendants County of Sacramento, Deputies Kyle Hoertsch, Shaun Hampton, and Shane Gregory's ("Defendants") Motion to Sever (ECF No. 57). Plaintiffs Justin Dobrowski, Roger Mcgowan, Jose Smith, Joseph Sullivan, Peter Trudeau, Greg Wallace, and William Zander ("Plaintiffs") oppose Defendants' motion. (Pls.' Opp'n, ECF No. 54.) The Court has carefully considered the arguments presented by the parties. For the foregoing reasons, the Court DENIES Defendants' Motion to Sever (ECF No. 57).[1]

---

[1] This motion was decided without oral argument, pursuant to Eastern District of California Local Rule 230(g). (*See* Minute Order, ECF No. 56.)

1

Plaintiffs, who are all members of an ethnic minority group, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that they were "viciously and gratuitously bitten by K-9 officers on instruction from their handlers after Plaintiffs were in the custody and control of law enforcement officers." (First Am. Compl., ECF No. 6 at ¶ 15.) Plaintiffs further allege that the handlers and law enforcement personnel were following "a custom and practice of applying punishment to perceived offenders," and that this practice was the result of a police department policy. (ECF No. 6 at ¶ 15.)

Defendants allege that Plaintiffs are improperly joined. Specifically, Defendants argue that Plaintiffs' respective cases should be severed because there is no commonality of facts or law. They further contend that the circumstances surrounding the seven Plaintiffs are all different and thus must be considered separately to determine the reasonableness of the officer's actions. (Defs.' Reply Mem. of P. & A. Supp. Mot. To Sever, ECF No. 55 at 3.) Defendants cite *Coughlin v. Rogers*, 130 F.3d 1348, 1350−51 (9th Cir. 1997), in support of their contention. Plaintiffs contend that the occurrences involving the Plaintiffs are "more factually alike than different and not unique to the individual defendants or the entity of defendant." (ECF No. 54 at 1.) The Court agrees with Plaintiffs and finds that Defendants' reliance on *Coughlin* is misplaced.

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the right to relief asserted by each plaintiff arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties arises in the action. *See* Fed. R. Civ. P. 20(a); *Coughlin*, 130 F.3d at 1351. "If joined plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." *Coughlin*, 130 F.3d at 1351.

"The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." *Id.* at 1350. The instant case is about many K-9 bites taking place in the same manner by three dogs. As alleged, the instances all have the same general fact pattern: (1) the deputies decided to arrest a suspect; (2) plaintiff was either accessible or had

surrendered after being cornered by deputies; and (3) all of the dog bites occurred after the individual plaintiff was apprehended and substantially or fully in the control of the officers. (*See* ECF No. 6; ECF No. 54 at 2.) Based on the foregoing, the Court finds that Plaintiffs' meet the first prong in that Plaintiffs' claims arise out of a systematic pattern of events and, therefore, arise from the same transaction or occurrence.

In addition, the Court finds that Plaintiffs meet the second prong because a question of law common to all the Plaintiffs arises in the action. In *Coughlin*, the plaintiffs filed a petition of mandamus complaining of substantial delays in processing their immigration applications and requesting that the court order the Immigration and Naturalization Service to adjudicate forty-nine pending applications. *Coughlin*, 130 F.3d at 1349−50. The plaintiffs' petitions fell into six distinct categories and thus required different legal standards. *Id.* at 1349−51. Moreover, plaintiffs did not allege that the delay was due to any policy or practice. In affirming the district court's finding that the plaintiffs' claims did not involve common issues of fact or law, the Ninth Circuit noted that the claims involved different legal standards, and plaintiffs had failed to allege that defendants engaged in a policy. *Id.* at 1351. In contrast, this case involves Plaintiffs who have all alleged that their constitutional rights were violated and that those violations were the result of a police department policy. Thus, Plaintiffs satisfy the second prong because there are common questions of law arising from Plaintiffs' claims.

In conclusion, the Court finds that Plaintiffs' joinder is proper and thus DENIES Defendants' Motion to Sever (ECF No. 57).

**IT IS SO ORDERED.**

Dated: August 15, 2013

Troy L. Nunley
United States District Judge